OPINION
{¶ 1} Terrance Crawford is appealing from his conviction for assault on a peace officer, forgery and possession of criminal tools. He assigns two errors for our consideration:
 [I.] THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE *Page 2 
EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION.
 [II] THE TRIAL COURT'S FINDING THAT APPELLANT'S CONDUCT CAUSED A SUBSTANTIAL RISK OF SERIOUS PHYSICAL HARM WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 2} Crawford was attempting to cash a forged check at a grocery store when a police officer arrived and attempted to arrest him. Crawford resisted the arrest. A second police officer who was off duty at the time got involved and eventually Crawford was subdued. A jury convicted him of reckless assault, forgery and two counts of possessing criminal tools (the forged check and false identification). Crawford does not assert his innocence as to the forgery or criminal tools convictions. Instead, he asserts that he is not guilty of assaulting a peace officer in violation of R.C. 2903.13(B).
 {¶ 3} R.C. 2903.13(B) reads:
 No person shall recklessly cause serious physical harm to another or to another's unborn.
 {¶ 4} If the victim of the assault is a peace officer, reckless assault is a felony of the fourth degree. If the peace officer suffered serious physical harm, a period of 12 months of incarceration is required. The police officer who began to arrest Crawford suffered multiple fractures of his leg, so he clearly suffered serious physical harm as defined in R.C. 2901.01(A)(5).
 {¶ 5} Crawford asserts that he did not recklessly cause the serious physical harm. "Recklessly" is defined in R.C. 2901.22(C) as follows:
 A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to *Page 3 
circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
 {¶ 6} The record before us contains multiple views of what happened when Officer Marc Helder's leg was broken. One of those views comes from the medical records for The Ohio State University Hospitals. Those records indicate that Officer Helder was wrestling with a suspect when he suffered a left lateral tibial plateau fracture while pivoting on his left leg. The left leg was supporting Officer Helder's weight at the time of the pivot and fracture.
 {¶ 7} A second view comes from Officer Helder's testimony during trial. Officer Helder was dispatched to a Kroger store on a report of a man attempting to cash a fraudulent check. Officer Helder approached the man at the service desk and was able to stand one foot away before the man, Terrance Crawford, noticed him. The officer spoke to Crawford and Crawford said "Hi," while starting to edge away. Officer Helder asked Crawford to put his hands behind his back. Officer Helder was positioned between Crawford and the exit door.
 {¶ 8} Crawford slowly moved his hands toward his back area and Officer Helder put his hand on Crawford's right elbow. When Crawford did not immediately put his other hand behind his back, the officer tried to place the two hands together so Crawford could be handcuffed. Crawford resisted and tried to get away into the interior of the store. Officer Helder held onto Crawford's right arm and wrist.
 {¶ 9} Crawford spun toward Officer Helder, forcing the officer to release Crawford's wrist. Crawford dipped down and wrapped an arm around the officer's thigh *Page 4 
and put his (Crawford's) weight into the officer, causing the officer to fall backwards, coming to rest on his back with Crawford's back on Officer Helder's chest.
 {¶ 10} Officer Helder tried to throw Crawford off of him, but Crawford lunged backwards into him. At that moment, Officer Helder had been able to get up enough to get his own weight on his own left leg and the lunge backward caused the leg to break in the area of the left knee. Crawford's listed weight was 195 pounds.
 {¶ 11} Another view came from Officer James Ingles, who was off duty and on military leave. He was in the Kroger store at the time. Officer Ingles noticed Officer Helder enter the store and kept an eye on his fellow police officer. Officer Ingles saw Crawford go after Officer Helder's legs and saw Crawford go to the ground with Officer Helder. Officer Ingles got involved and eventually got Crawford subdued with the help of Officer Helder's taser.
 {¶ 12} Crawford testified at trial. He acknowledged his guilt in attempting to cash a forged counterfeit check. He did not see Officer Helder approach, but felt Officer Helder immediately grab his arm. Officer Helder told Crawford to get against the counter because Crawford was under arrest. Officer Helder grabbed both arms.
 {¶ 13} Crawford acknowledged that he then pulled away. He also acknowledged that he wanted to get outside of the store. Officer Helder pulled Crawford's arm and Crawford lost his balance. Crawford denied going after Officer Helder's legs to take him down. Crawford described the officer as being bigger then he was.
 {¶ 14} Another view came from Christopher Llewellyn, an employee of Kroger. Llewellyn was pretending to process the check presented by Crawford and delaying Crawford until the police arrived. When the police arrived, an attempt was made to *Page 5 
handcuff Crawford and Crawford resisted. Crawford at first tried to flee, but then grabbed the officer in something like a bear hug, lifting the officer off the ground and slamming the officer into the floral counter.
 {¶ 15} On the day of his arrest, Crawford spoke to Detective Gregory Sheppard of the Columbus Division of Police. Crawford told Detective Sheppard that Crawford had had two 40 ounce beers early in the day and had smoked a rock of crack cocaine in the early afternoon. With regard to the arrest, Crawford stated that he pushed off from the counter where he was standing when the officer approached. Crawford said the officer grabbed him in a bear hug and they fell backward. Crawford later described the bear hug as a grabbing from behind, following which the two fell into a display. Detective Sheppard felt Crawford changed his story about whether the two men were facing each other when the bear hug occurred or whether Crawford had his back to the officer when the bear hug occurred.
 {¶ 16} The various views of what happened support the jury verdict of reckless assault. Crawford was caught committing a felony. He did not want to be arrested. He struggled with the officer, apparently grabbing the officer's legs at the thigh area. The two men fell. Between the two of them, they weighed approximately 400 pounds. With that much force and mass involved, broken bones are at least a significant risk, perhaps even a probability. The evidence was consistent with and fully supported a verdict of guilty to reckless assault on a peace officer.
 {¶ 17} When an individual is in the middle of committing a felony and decides to resist the efforts of a police officer to arrest him or her for that felony, there is a substantial *Page 6 
risk that someone will get hurt. The felon may be hurt. The police officer may be hurt. Both may be hurt.
 {¶ 18} The first assignment of error is overruled.
 {¶ 19} The weight of the evidence also was consistent with the jury's verdicts. The second assignment of error is also overruled.
 {¶ 20} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 BRYANT and SADLER, JJ., concur.